ELIZABETH SALTER, ADMINISTRATRIX, ETC., OF FREDERICK
E. SALTER, DECEASED, RESPONDENT, *v.* THE UTICA AND
BLACK RIVER RAILROAD COMPANY, APPELLANT.

*Action for negligence — Railroad crossing — duty of one passing over.*

The plaintiff's intestate was struck by one of defendant's engines and killed,
while driving a team of horses across one of its tracks. Upon the trial coun-
sel for the defendant requested the court to charge that it was negligence on
the part of the intestate, if he approached the crossing at such a rate of speed
as to be unable to stop or turn his horses aside before going on to the track.
The court charged, "that if the intestate approached the track at such speed
that he was unable to control or stop his team, without making any effort to
apprehend the approach of the train," he was guilty of negligence.
*Held*, that the charge as requested was properly refused, and that as modified it
was as favorable to defendant as it was entitled to, except that it was the duty
of the plaintiff's intestate to make such effort as was reasonable under the cir-
cumstances to ascertain if a train was approaching. (MULLIN, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a new
trial made upon the minutes of the justice before whom the action
was tried.

*F. Kernan*, for the appellant.

*F. W. Hubbard*, for the respondent.

SMITH, J. :

The defendant's counsel requested the court to charge the jury,
without qualification, that if the plaintiff's intestate approached the
crossing at such speed as to be unable to stop or turn his horses aside,
before going on the track, he was negligent.

The presiding justice thinks the refusal was error, and that for
that reason the judgment should be reversed and a new trial
ordered.

I am unable to concur in that opinion; I think the refusal of the
court to charge in the exact terms of the request was correct. It
depended upon certain questions of fact, which the jury were to
decide upon evidence in some respects conflicting, and from which

different conclusions might be drawn, whether the deceased was negligent in driving towards the crossing in the manner stated in the request. If the approaching train was not in sight or hearing, or if, with the exercise of due care and attention, the deceased was not aware of its approach, there was nothing in the speed or manner of his driving which the law can pronounce negligence *per se*. The questions whether he omitted to look and listen, or whether, having looked and listened, he failed, without fault on his part, to see or hear the coming train, were for the jury.

The court instructed the jury, in reply to the request, that if the intestate approached the track at such speed that he was unable to control or stop his team, without making any effort to apprehend the approach of the train, he was guilty of negligence. The defendant's counsel excepted, on the ground that the charge was not exactly as requested. The charge was quite as favorable to the defendants as they were entitled to, except that it, in effect, treated the intestate as free from negligence, if he made any effort, however slight, to ascertain whether a train was approaching, whereas, he was required to make such effort as was reasonable in the circumstances of the case. That point, however, was not suggested by the exceptions taken, and the defendants cannot now avail themselves of it.

I think the case was well tried and that the judgment should be affirmed.

TALCOTT, J., concurred.

MULLIN, P. J. (dissenting):

The learned judge who tried this cause at the circuit conformed to the views of the Court of Appeals, upon the appeal to that court as set forth in the opinion of FOLGER, J., and there is, therefore, no propriety in considering them on this appeal. We shall consider only a few of the exceptions of the defendant's counsel to the charge of the judge.

The defendant's counsel moved for a new trial on the judge's minutes, and he appeals from the order refusing such motion. The defendant has the right on the appeal from the order to present the question, that all or any of the findings of fact are against the weight of the evidence or without any evidence to support them.

FOLGER, J., in his opinion, has examined *seriatim* all the material questions of fact that were proved on the former trial, and the evidence in the case now before us is substantially the same as was given on the former trial, and he arrived at the conclusion that the findings were justified by the evidence and the facts properly submitted to the jury, and that the jury and not the court was the proper tribunal to decide them.

I am free to say, that I am not as well satisfied as I would wish to be, that the intestate was free from contributory negligence, and yet, I cannot say that the finding on that point is without evidence to support it, or so decidedly against the weight of evidence as that it is the duty of the court to set the verdict aside in view of the opinion of the Court of Appeals.

The defendant's counsel requested the court to charge the jury that it was negligence on the part of the intestate if he approached the crossing at such speed as to be unable to stop or turn his horses aside, before actually going on to the track. The judge, in reply, said if he had any apprehension of the approach of the train. The counsel requested the judge to charge as requested, without any qualification. The court then said if he approached the train at such speed as that he was unable to control his team or stop it, without making an effort to apprehend the approach of the train, he was guilty of negligence. The defendant's counsel excepted to the omission to charge exactly as requested. The court then asked the counsel to read his proposition again and he read as follows : " I ask your honor to charge that it was negligence on the part of the deceased if he approached this crossing at such speed as to be unable to stop or turn his horses aside before actually on the track — such a speed that he could not stop within twenty-five feet." The court in answer said he charged that with the additional suggestion he had made, which was that driving at the speed mentioned in the request was negligence, if the intestate had any apprehension of the approach of the train. To this the defendant's counsel excepted.

The facts necessary to a proper understanding of the charge made and the refusal to charge as defendant's counsel requested are in brief as follows, viz. :

On the day of the accident the deceased was drawing logs on bob-

sleds to a saw-mill in Carthage, and to reach it he was obliged to cross defendant's track. To reach the track he drove down Furnace street. At the upper end of the street there is a hill having a descent of some nineteen feet in the space of some 200 feet; from the foot of the hill to the railroad crossing there is a slight descent, but the road is nearly level. The day was cold and the road slippery. There are two places between the foot of the hill and the crossing at which a train might be seen on the track, and at a point twenty-five feet from the track a train might be seen at any point between the railroad bridge that crosses Black river at the distance of 1,225 feet and the crossing on Furnace street. The defendant went down the hill on a trot, and after getting to the foot of it he struck his horses with his whip, and this caused them to move faster and without stopping he drove on to the track; the horses had crossed over and just as the engine struck the sleds he raised his arms and jumped off, on or at the edge of the track, and was struck and killed. It was a cold day and the deceased had on a cap with earlaps over his ears and a woolen comforter round his neck. He had been drawing logs across the track at the same place for several days. The train, on the morning of the accident, was some fifteen minutes behind its usual time.

It is manifest from these facts, that had the deceased looked toward the bridge when he was twenty-five feet from the crossing he would have seen the train at the bridge some 1,225 feet from the crossing. The train must have been less than that distance from him, or if it was moving at the speed of twenty miles per hour, it would take it thirty-four seconds to pass over that space, and it could not require that length of time for the horses to move thirty feet, which would be the distance of the west rail of the track from a point twenty-five feet east of the track. If, then, he might have seen the train in time to avoid the collision, but his horses were going at such a rate of speed that he could neither stop nor turn them from the track, it was manifest carelessness and the court should have so charged.

To allow parties approaching a railroad crossing to regulate their action in crossing, by their knowledge of the time for the passage of trains, would be a most mischievous regulation in its operation upon railroad companies as well as upon travelers and others on the

highways. So long as railroad companies have the right to run trains on their road at their own pleasure, those who cross them must see to it, that not only is the track clear, but that there is no train in sight or hearing that can interfere with them in crossing. The time table furnishes no evidence that trains are not in motion and approaching the crossing.

I am of the opinion that the defendant was entitled to have the proposition contained in his request charged without the modification made by the court. Because of the refusal so to charge, the judgment should be reversed and a new trial granted, costs to abide event.

Judgment and order affirmed.